1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   RICK SMITH,                               No. C 08-0716 WHA (PR)

11                   Plaintiff,               **ORDER OF DISMISSAL**

12        vs.

13   ROBERT AYERS, JR., et al.,

14                   Defendants.
                                        /
15

16          Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

17   1983 challenging the conditions of his confinement.  He has been granted leave to proceed in

18   forma pauperis.

19          Section 1997e of Title 42 of the United States Code provides that "[n]o action shall be

20   brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law,

21   by a prisoner confined in any jail, prison, or other correctional facility until such administrative

22   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Compliance with the

23   exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v.*

24   *Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  The administrative remedies need not meet

25   federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

26          Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's

27   concession to nonexhaustion is a valid ground for dismissal.  *Wyatt v. Terhune*, 315 F.3d 1108,

28   1119-20 (9th Cir. 2003).  Accordingly, a claim may be dismissed without prejudice if it is clear

     from the record that the prisoner concedes that he did not exhaust administrative remedies. *Id.*

**United States District Court**
For the Northern District of California

1    The State of California provides its inmates and parolees the right to appeal

2    administratively "any departmental decision, action, condition or policy perceived by those

3    individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order

4    to exhaust available administrative remedies within this system, a prisoner must proceed

5    through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC

6    602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)

7    third level appeal to the Director of the California Department of Corrections.  *Id.* § 3084.5;

8    *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative

9    remedies exhaustion requirement under § 1997e(a).  *Id.* at 1237-38.

10    In the section of the form complaint dealing with exhaustion, in answer to the

11    instruction: "If you did not present your claim for review through the grievance procedure,

12    explain why," plaintiff has written: "602 will be sent as soon as it is retur[n]ed from

13    Sacramento, Chief, Inmate Appeals."  On page seven of his statement of the claim, a

14    handwritten additional page, he says: "Exhaustion of administrative remedies requirement will

15    be met as soon as my 602 is returned from Chief, Inmate Appeals, Sacramento, PO Box

16    942883, Cal. 94283-0001."  In short, plaintiff has pleaded that he had not completed exhaustion

17    at the time he filed the complaint.  It therefore must be dismissed.  *See McKinney v. Carey*, 311

18    F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available

19    administrative remedies *before* filing suit, even if prisoner fully exhausts while suit is pending).

20    This case is **DISMISSED** without prejudice to filing a new case after exhausting.  The

21    clerk shall close the file.

22    **IT IS SO ORDERED.**

23    Dated:  October ___3___, 2008.

24    WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

25

26

27

28    G:\PRO-SE\WHA\HC.08\SMITH716.DSM.wpd

2